### No. 233.

### THE STATE OF LOUISIANA VS. PAT PATE.

Under the provisions of Section 1934 of the Revised Statutes of 1870 a district judge has the discretionary power to adjourn, by a written order to the sheriff, a regular term of the court, to any day preceding the next regular session, as he thinks proper; and to require the attendance of jurors accordingly.

Under the effect of such an order the first day of the actual session becomes the first day of the regular jury term for that month, within the contemplation of Section 6 of Act 44 of 1877, requiring that the Grand Jury be drawn on the first day of the regular term.

A Grand Jury thus drawn is a legal body, and a motion to quash an indictment presented by that body, on the ground of illegality in the organization thereof, cannot prevail.

State vs. Pate.

A PPEAL from the Tenth District Court, Parish of De Soto.
Hall, J.

J. Henry Shepherd, District Attorney, and J. C. Pugh, District Attorney, for the State, Appellee.

E. W. Sutherlin, C. M. Pegues and J. B. Lee, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   This appeal, which was taken from a conviction of manslaughter under an indictment for murder, presents but one point for review.

Before trial the accused moved to quash the indictment on the ground that the Grand Jury which had presented it had not been legally organized.

The alleged illegality is drawn from the following incident:   On the 3d day of February, 1888, the judge issued a written order to adjourn the regular term of the court, which had been fixed according to law for the first Monday, to the second Monday of that month, and to require the attendance of the jurors drawn for that term, in accordance with the adjourned session of the court.

The term was held in pursuance of the adjournment, and the Grand Jury was organized on the first day of the session, which begun on the 13th, which was the second Monday of February.

The contention is that the order of adjournment was illegal, because it was issued without sufficient or legal reason, and that in consequence thereof the Grand Jury was not empanelled on the first day of the term, and was not drawn from a *venire* of jurors serving for the week for which they had been drawn, as required by law.

The judge relies, as authority for his action in the premises, on Section 1934 of the Revised Statutes, which reads as follows:

"In case the judge should not appear on the first day of any term, the sheriff, or in the event of his sickness, death, resignation, absence, inability or failure to act, the coroner, shall adjourn the court from day to day for not more than three days.   The judge may also, by written order directed to the sheriff, adjourn the court to such day preceding the next regular session as he may think proper."

But defendant's counsel argues that under a proper construction of both paragraphs taken together, the written order of adjournment by the judge must be justified by a reason expressed in the order, or subsequently given when called for.

The argument finds no sanction in the words of the Statute. The first clause contemplates an adjournment *by the sheriff* in the absence of, and without any order from, the judge, the absence of the latter being the reason for the adjournment. The second clause provides for an adjournment of the term by means of a written order emanating from *the judge*, whether present or absent, at his discretion, and without being required to give any reasons. Barring the limit to the adjourned term, which must be to a day preceding the next regular session, the discretion which the law vests in the judge is unqualified, and no interference with its exercise can be tolerated on the part of litigants by way of pleading.

Abuse of such power by a judge must be remedied by other modes, for which adequate provisions are afforded by the Constitution and laws of the State.

As the order was sanctioned by law, it had its legal effects, one of which was to legalize the session of the court which begun on the 2nd Monday of the month.

The first day of that session was the first day of the February term within the scope and requirement of Section 6 of Act No. 44 of 1877, which provides that the Grand Jury must be drawn and organized on the first day of the regular jury term of the court.

This conclusion is not only sanctioned by the text of the law, but it is fully warranted by authority.

In Bringer's case, 14 Ann. 461, this Court, in dealing with a germane question, held:

"The court was not in session the first and second weeks. These jurors did not serve, or even attend court during that time; and the district judge properly held that, in contemplation of law, the first week of the actual session of court was that during which the jurors first enlisted had to attend court and serve in that capacity."

The foregoing considerations lead to the logical conclusion that the Grand Jury which returned the indictment under which appellant was tried was a legally organized body, and that the district judge committed no error in overruling his motion to quash the bill.

Other points were made below, but are not pressed on appeal, and hence they are considered as abandoned.

Judgment affirmed.