GEORGE W. HOYT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 24, 1892.*

1. INDICTMENT—*charging conspiracy to burn and burning—not double.* A count in an indictment that the defendants agreed to burn an elevator of a third person, and in pursuance of such agreement did burn it, is not double. The conspiracy in such case is merged in the consummated act of burning, and the crime thereby charged is arson, alone.

2. CRIMINAL LAW—*continuances—act of June 26, 1885, constitutional.* Section 1 of "An act to regulate the granting of continuances in criminal cases," approved June 26, 1885, is not in conflict with section 9, article 2, of the constitution, which guarantees "that in all criminal prosecutions the accused shall have the right to * * * meet the witnesses face to face, and to have process to compel the attendance of witnesses."

3. SAME—*affidavit for continuance—admitting absent witness will testify as stated—effect of admission.* A party indicted, by his affidavit for a continuance stated what facts he expected to prove by an absent witness, whereupon the State's attorney admitted that the absent witness, if present, would testify to the facts recited in the affidavit, and that those facts might be read as the witness' testimony. The court overruled the motion for a continuance, and the facts recited in the affidavit were read to the jury, and the court refused to instruct the jury that they must receive those facts as true, but, on the contrary, instructed that such facts should be subjected to the same consideration and scrutiny as any other evidence: *Held,* no error in such rulings.

4. Where the State's attorney admits that an absent witness would, if present at the trial, testify as stated in the affidavit for a continuance, the jury will not be bound to take the evidence of such witness as absolutely true, but such evidence is to be treated precisely as though the witness had appeared and testified, and it may be controverted by other witnesses.

5. SAME—*right of defendant to continuance.* One indicted for a criminal offense is entitled to a reasonable time for the execution of process to compel the attendance of witnesses in his behalf. This right is not abridged by the act regulating continuances in criminal cases.

6. SAME—*evidence—of accomplices.* On the trial of one for arson, where the principal evidence tending to inculpate the defendant was that of two accomplices, and the proof was not entirely conclusive, it

was held error to refuse an instruction asked by the defense, that while a person might be convicted upon the uncorroborated testimony of an accomplice, still a jury should act on such testimony with great care and caution, and subject it to careful examination in the light of all other evidence in the case, and that they should not convict on such testimony alone, unless, after a careful examination of such testimony, they were satisfied, beyond a reasonable doubt, of its truth, and that they could safely rely upon it.

7. SAME—*conviction on testimony of accomplices.* A conviction for crime may be sustained on the unsupported testimony of an accomplice or accomplices, although the court may, in its discretion, advise the jury not to convict.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. FREE P. MORRIS, Mr. R. W. HILSCHER, and Mr. C. H. PAYSON, for the plaintiff in error:

If a penal statute is repealed pending an appeal and before final action of the Appellate Court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed or the judgment reversed. Sutherland on Stat. Const. sec. 166; *State* v. *King,* La. Ann. 593; *Keller* v. *State,* 12 Md. 322; *Lewis* v. *Foster,* 1 N. H. 61; *Commonwealth* v. *Sherman,* 85 Ky. 686; *Wilson* v. *Railroad Co.* 64 Ill. 542; *Coles* v. *Madison County,* Breese, 115.

Where a witness is undoubtedly an accomplice, it is error for the court not to instruct the jury on the subject of accomplice testimony. *Johnson* v. *People,* 113 Ill. 107.

The court erred in refusing to compel the prosecution to admit the absolute truth of the statement in the affidavit for continuance. Const. art. 13, sec. 9; *Willis* v. *People,* 1 Scam. 400; *Van Meter* v. *People,* 60 Ill. 169; *Powers* v. *State,* 80 Ind. 77; *Brent* v. *Heard,* 40 Miss. 370; *Murphy* v. *Murphy,* 31 Mo. 322; *Pool* v. *Devers,* 30 Ala. 672.

The third count was bad for duplicity, and the judgment should have been arrested. *People* v. *Wright,* 9 Wend. 193; *McGahagin* v. *State,* 17 Fla. 665; *State* v. *Smith,* 31 Me. 386; *State* v. *Fidnut,* 35 Iowa, 541.

Mr. George Hunt, Attorney General, and Mr. A. F. Good-year, State's Attorney, for the People:

When several persons conspire to commit arson, the act of each conspirator committed in furtherance of the common design is the act of all; and when the arson is committed in pursuance of the conspiracy, and although one of the con-spirators took no part in the actual burning, yet if he entered into the conspiracy, and further advised, encouraged, aided, abetted or assisted in the arson, by furnishing the money to buy the jug, and oil with which to set the fire, he is guilty of the arson. *Spies* v. *People*, 122 Ill. 102; *Brennan* v. *People*, 15 id. 511; *Hanna* v. *People*, 86 id. 243; *Kennedy* v. *People*, 40 id. 488; *Lamb* v. *People*, 96 id. 74; *Butler* v. *People*, 125 id. 641; *Hamilton* v. *People*, 113 id. 34; 1 Greenleaf on Evidence, sec. 111; Moore on Crim. Law, sec. 665; Desty on Crim Law, secs. 39, 39a.

The allegation of a conspiracy, though not necessary, did not make the third count bad for duplicity. 2 Bishop on Crim. Proc. sec. 692; Moore on Crim. Law, sec. 461, note 3, p. 375.

A conspiracy to commit a felony is merged in the consum-mated act; and if it is sought to charge one with a conspiracy to commit a felony, as a substantive crime, the indictment must allege that the felony was not consummated. *Elsey* v. *State*, 47 Ark. 572; *State* v. *Murry*, 15 Me. 100; *State* v. *Mayburry*, 48 id. 218; *Commonwealth* v. *O'Brien*, 66 Mass. 84; *Commonwealth* v. *Kingsbury*, 5 id. 106; *Commonwealth* v. *Dean*, 109 id. 349; *Commonwealth* v. *Walker*, 108 id. 309; *Common-wealth* v. *Bakeman*, 105 id. 53; *Commonwealth* v. *Goodhue*, 43 id. 193; *Commonwealth* v. *Drum*, 36 id. 497; *White* v. *Fort*, 3 Hawks, 251; *Commonwealth* v. *McGowan*, 2 Pars. Cas. 341; *State* v. *Noyes*, 25 Vt. 415; *People* v. *Mather*, 4 Wend. 229; *Commonwealth* v. *Hartman*, 5 Pa. St. 60; *People* v. *Richards*, 1 Mich. 216.

It is discretionary with the trial judge whether to instruct the jury that the testimony of an accomplice should be received with caution. *Collins* v. *People*, 98 Ill. 584; *Carroll* v. *Commonwealth*, 84 Pa. St. 107; *State* v. *Litchfield*, 58 Me. 267; *Regina* v. *Stubbs*, 5 Cox's C. C. 48.

Mr. Justice Scholfield delivered the opinion of the Court:

Plaintiff in error was indicted jointly with Asa Sapp and Gustave L. Traub, but he was tried alone, and the jury found him guilty as charged in the third count of the indictment. The sufficiency of that count was questioned on the alleged ground of duplicity, by a motion to quash, which was overruled by the court, and it is now insisted that the court erred in this ruling. The substance of the allegations of the count, which are in apt technical language, is, that the parties indicted agreed to burn an elevator of one Peter Hoyt, and, in pursuance of that agreement, did burn it. The conspiracy to burn is merged in the consummated act of burning, and so the offense charged is that of arson, only, and not the independent offenses of a conspiracy to commit arson, and arson. 2 Wharton on Precedents and Pleas, 94-97; 1 Bishop on Crim. Law, 786, 790, 804-815; 3 Greenleaf on Evidence, sec. 90; 4 Am. and Eng. Ency. of Law, 648. There was therefore no error in refusing to quash the count.

Another contention in the court below, and renewed here, is, that the act in relation to conspiracy, approved June 16, 1887, is repealed by an act entitled to that effect, approved May 28, 1891, and that there can therefore now be no conviction, under the first named act, for conspiracy. But since the third count is for arson, and can not, therefore, be for an offense created only by the first named act, it is impossible that the case can be affected by the last named act.

Before entering upon the trial, plaintiff in error made and presented to the court his motion, supported by his affidavit,

for a continuance of the case on account of the absence of a witness on his behalf,—one Oppy,—stating what he expected to prove by Oppy. The State's attorney thereupon admitted, for the purposes of the trial of the case at that term, that Oppy would, if present, testify to the facts recited in the affidavit, and that on the trial of the case those facts might be read to the jury as the testimony of Oppy, and the court thereupon overruled the motion for continuance. The facts which it was stated in the affidavit could be proved by Oppy, were read to the jury upon the trial of the case, and the court refused to instruct the jury that they must accept these facts as true, but, on the contrary, instructed the jury that such facts should be subjected to "the same rules of consideration, the same scrutiny and the same rules of criticism as is any other evidence in the case, and the jury should give such evidence only such weight as, from all the evidence in the case, they may think it deserves." Each of these rulings is assigned for error, but, obviously, they present but a single question, namely, whether the matters stated in the affidavit as those to which Oppy would, if present at the trial, testify, were to be taken by the jury as absolutely true, or simply as are matters testified to by other witnesses who appear and testify at the trial,—subject to like impairment and contradiction by other evidence in the case.

It is enacted by section 1 of "An act to regulate the granting of continuances in criminal cases," approved June 26, 1885, (Laws of 1885, p. 73,) "that when affidavit is made for a continuance in behalf of the People or any defendant in a criminal case, on the ground of the absence of a material witness, the State's attorney, or the defendant, as the case may be, shall not be required to admit the absolute truth of the matter set up in the affidavit for continuance, but only that such absent witness, if present, would testify as alleged in the affidavit, and if it is so admitted, no continuance shall be granted, but the case shall go to trial, and the party admit-

ting the same shall be permitted to controvert the statements contained in such affidavit by other evidence, or to impeach such absent witness the same as if he had testified in person: *Provided,* that the court may, in its discretion, require the opposite party to admit the truth, absolutely, of any such affidavit, when, from the nature of the case, he may be of the opinion that the ends of justice require it: *Provided, further,* that this act shall not apply to applications for continuances at the same term of the court at which the indictment was found or information filed."

The indictment here was found at the March term, and the application for continuance was made at the following October term of the court, and the ruling of the court below is thus within the letter of the statute. This is not denied by counsel for plaintiff in error, but they contend that this statute is within the inhibition of so much of section 9, article 11, of our constitution, as guarantees that "in all criminal prosecutions the accused shall have the right to    *    *    *    meet the witnesses face to face, and to have process to compel the attendance of witnesses." Surely this statute does not deny to the accused the right to meet the witnesses testifying against him, face to face. He is not compelled to admit the facts stated in the affidavit on behalf of the People, and, if he shall not do so, the State's attorney can not read them in evidence to the jury, but must produce the witness, so that the accused can meet him face to face. If, however, the accused shall prefer to have the facts read in evidence to the jury rather than that the trial shall be postponed, he may do so, for he may, by a plea of guilty, or by a confession in open court, waive the production of all evidence of his guilt. He is entitled to process to compel the attendance of witnesses in his behalf, but this statute denies him nothing in that regard. He is, of course, entitled to reasonable time for the execution of process to compel the attendance of witnesses, but neither is that denied or abridged by this statute.

38—140 Ill.

The constitution makes no provision for the continuance of causes for trial, and at common law, and until the passage of our statute allowing exceptions to be taken to decisions of courts in overruling motions for continuance in criminal cases, approved February 18, 1857, (Public Laws of 1857, p. 103,) applications for continuances in criminal cases were addressed purely to the discretion of the court, and its decision thereon could not be assigned for error. *Baxter* v. *The People*, 3 Gilm. 368; *Holmes et al.* v. *The People*, 5 id. 478.

The ruling in *Willis* v. *The People*, 1 Scam. 399, that the admission in evidence of an affidavit for a continuance in a criminal case, on the ground of the absence of a material witness, is an admision of the truth of the facts which the affidavit states can be proved by such witness, which can not be controverted, was based upon no constitutional provision nor common law principle, but purely upon the language of the agreement of the State's attorney and the defendant, in analogy to like ruling upon affidavits for continuance in civil cases; and the statute then in force in regard to applications for continuances in civil cases required the party who wished to avoid a continuance, to admit, not that the absent witness would testify to the facts stated in the affidavit, but to admit the facts stated in the affidavit, thus leaving no room for controversy. (Rev. Stat. of 1833, p. 489, sec. 11.) The decision in *Van Meter* v. *The People*, 60 Ill. 168, is only that the act of 1867 (Session Laws of 1867, p. 157,) is merely an amendment of the Practice act, and does not apply to criminal cases.

Since there is no constitutional provision giving the accused the absolute right, unaffected by any discretion in the court, to a continuance of his case for any definite time beyond what may be reasonable within which to execute the process of the court for obtaining the attendance of witnesses, it is impossible that this act can be unconstitutional, for if the statute may vest the power of granting continuances entirely in the discretion of the court, without any right of review, the statute

surely can not be unconstitutional which restricts the exercise of that discretion, as this statute does, in favor of the accused. Ample time is given by this statute within which to procure the attendance of witnesses by means of process of the courts, and there is no pretense that there is any constitutional guaranty that their attendance shall be obtained through other means when they are beyond the jurisdiction of process of our courts.

The principal evidence tending to prove the guilt of plaintiff in error is found in the testimony of his co-defendants,—accomplices who admit that they committed the arson, but say that plaintiff in error hired them to do it. It has often been questioned in England and in this country, by courts of the highest respectability, whether convictions on such testimony alone should be allowed to stand; but it is held by this court, in conformity with the prevailing ruling elsewhere, that convictions may be sustained on such testimony, alone, although the court may, in its discretion in such cases, advise the jury not to convict. (*Gray et al.* v. *The People*, 26 Ill. 347; *Cross* v. *The People*, 47 id. 153; *Collins* v. *The People*, 98 id. 584; *Friedberg* v. *The People*, 102 id. 160.) But the authorities agree, and common sense teaches, that such evidence is liable to grave suspicion, and should be acted upon with the utmost caution, for otherwise the life or liberty of the best citizen might be taken away on the accusation of the real criminal, made either to shield himself from punishment or to gratify his malice; and thus it is said in 1 Phillips on Evidence, (Cowen, Hill & Edw. notes,) page 111: "Accomplices, upon their own confession, stand contaminated with guilt. They admit a participation in the very crime which they endeavor, by their evidence, to fix upon the prisoner. They are sometimes entitled to even a reward upon obtaining a conviction, and always expect to earn a pardon. Accomplices are therefore of a tainted character, giving their testimony under the strongest motives to deceive." And it is said in Best on Evidence,

(p. 266, sec. 170,) in speaking of approvers and accomplices: "No doubt, if it was not absolutely necessary for the execution of the law against notorious offenders that accomplices should be received as witnesses, the practice is liable to many objections; and though under this practice they are clearly competent witnesses, their single testimony, alone, is seldom of sufficient weight with the jury to convict the offenders, it being so strong a temptation to a man to commit perjury, if, by accusing another, he can escape himself. Let us see what has come in lieu of the practice of approvement: a kind of hope that accomplices who behave fairly, and disclose the whole truth and bring others to justice, should themselves escape punishment. This is in the nature of a recommendation to mercy. The accomplice is not assured of his pardon, but gives his evidence *in vinculis*,—in custody; and it depends on the title he has, from his behavior, whether he shall be pardoned." See, also, to like effect, 1 Greenleaf on Evidence, sec. 379; 1 Wharton on Crim. Law, (7th ed.) 785.

The plaintiff in error asked the court, but the court refused, to instruct the jury as follows:

"The jury are instructed that the witnesses Asa Sapp and George Traub are what is known in law as accomplices, and that while it is a rule of law that a person accused of crime may be convicted upon the uncorroborated testimony of an accomplice, still a jury should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all other evidence in the case; and the jury ought not to convict upon such testimony alone, unless, after a careful examination of such testimony, they are satisfied, beyond a reasonable doubt, of its truth, and that they can safely rely upon it."

No other instruction was given calling the attention of the jury to the character of the evidence of accomplices, and cautioning them in acting upon it, or otherwise embodying the idea expressed in this instruction. It can not be said that

this is an instruction on the facts, only, for although the jury are the sole judges of the credibility of the evidence, and may convict on the evidence of accomplices alone, still the law is they shall not do so arbitrarily, and they must act on the testimony of accomplices with great caution, and only when they are satisfied, from it and all the circumstances in evidence in the case, that it is true. Such evidence is not, in legal estimation, as satisfactory in its nature as is the testimony of unimpeached and disinterested witnesses. Nor can it be said that the evidence of the guilt of plaintiff in error is so conclusive that we can say this instruction could have had no effect upon the result reached by the jury. There were sufficient reasons why it should be given, and we think its refusal was the denial of a substantial right to plaintiff in error, and we therefore hold that it is reversible error.

Numerous other questions are discussed in the arguments before us, but they are such as are not likely to arise on another trial of the case, and therefore demand no discussion now.

For the error in refusing to give the instruction *supra*, the judgment is reversed, and the cause is remanded for another trial.

*Judgment reversed.*