## No. 14,341.

STATE OF LOUISIANA vs. BENJAMIN FAIRFAX, JR.

### SYLLABUS.

1. Until an accused has had the benefit of compulsory process for securing the attendance of his witnesses he cannot be forced to trial; not even on the offer of the prosecution to admit that the witness if present would testify as it is claimed that he would.
2. An accused has not had such benefit when the witness has not appeared and the sheriff has made no return, and it is not known whether a summons timely placed in his hands has been served or not.
3. An order for the attendance of a witness from a neighboring parish stands good until revoked, or until to the knowledge of the accused such witness has

removed from such parish; and such order need not be renewed at the suc
ceeding term, or terms, of court when the case has gone over.

A PPEAL from the Sixteenth Judicial District, Parish of St. Landry
—*Lewis, J.*

*Walter Guion, Attorney General,* and *R. Lee Garland,* District Attor-
ney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Gilbert L. Dupré,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J.   The case of defendant—on a charge of shooting with a
dangerous weapon with intent to murder—having been fixed for trial at
the October term of court, defendant made application for and obtained
regularly an order for the summoning of a witness from a neighboring
parish; the witness appeared, but the case went over to the February
term.   At the latter term a summons was issued for the witness, and
was put in the hands of the sheriff of the neighboring parish for
service, all in time; but when the case was called for trial the witness
had not appeared, and it was found that the sheriff had not made any
return, and that it could not be known whether he had served the
summons or not.   The defendant asked for a postponment of the trial
until it could be ascertained whether or not any effort had been made
to serve the summons; in other words, whether or not he had had the
benefit of the right of "compulsory process for obtaining witnesses in
his favor,"secured to him by the Constitution.   Instead of granting
this motion the court compelled the defendant to have recourse to a
regular application for a continuance on the ground of the absence of
the witness.   The defendant made the application, but renewed in it
his objection to going to trial without having had the benefit of com-
pulsory process for the attendance of his witness.   The court ruled the
defendant to trial, on the admission by the prosecution that the witness
if present would testify as stated in the affidavit for continuance.

To this ruling defendant reserved a bill of exceptions in which the
judge gives his reasons, as follows:

"That the application for compulsory process was not timely invoked
in this, it should have been renewed at the present term of court.

"And, secondly, that the District Attorney offered to admit and did
admit that if the absent witness was present he would swear as stated

in the application for a continuance, which testimony was read to the jury by accused's counsel after his application for a continuance had been applied for and overruled."

We think the trial should have been postponed until reliable information had been secured as to whether the defendant had had or not the benefit of his constitutional right of compulsory process for obtaining the attendance of witnesses. The Constitution intends an honest effort shall be made to serve the summons, and that the witness shall be compelled to attend unless he has a good reason for not doing so. It is needless to inquire here whether reasonable rules may not be prescribed by the Legislature or by courts for regulating the exercise of this right, since defendant makes no contest in that regard, but insists that he has complied with these rules.

In the case of State vs. Boitreaux, 31 Ann. 188, this court said:

"When to procure the attendance of his witnesses the defendant has, in proper time, ordered *subpoenas* to issue, he cannot be compelled to apply for attachments, swear to the facts that he intends to prove by them or to go to trial in their absence, until an earnest and fruitless attempt has been made to bring them into court."

And again in the case of State vs. Adam, 40 Ann. 745, this court said:

"The constitutional guarantee to an accused of a right of compulsory process for the attendance of his witnesses is not to be trifled with. It is not a dead letter and must be enforced."

This was a case very similar to the one at bar, in that the subpoena had gone to the sheriff of the neighboring parish, and no return had been made, so that it was not known whether the *subpoena* had or not been served. The court said: "The accused was entitled to know of such return, and in the absence thereof could not be driven to trial."

See also the case of State vs. Thomas, 40 Ann. 154, where the court emphasizes the necessity of affording to an accused facilities for producing all the testimony which the nature of his case may admit of.

It was not necessary for defendant to make a new affidavit and obtain a new order for entitling himself to the compulsory attendance of the witness. The requiring of this affidavit and order is in the interest of the witness and of economy, as a check upon the unnecessary bringing of witnesses from a distance at great inconvenience to the witness and expense to the public; and this consideration is fully met by one affidavit and one order. The statute does not prescribe

that the affidavit and order shall be made at the term of court, but that they shall be made in anticipation of the term of court. It reads, as follows:

"In all criminal prosecutions in which the punishment may be death or imprisonment at hard labor in the penitentiary, witnesses may be compelled to attend the sessions of court from any parish of the State, if the prosecuting attorney or any citizen or accused shall state on oath what it is expected to prove by said witness, and the judge or court *in vacation,* upon examination of the case and affidavit, shall in his discretion determine whether the attendance of the witness is indispensable to the trial and for that purpose the court before which a prosecution is pending may cause to be issued subpoenas and attachments to its officers as the case may require." Rev. Stat., Sec. 1036.

This statute says that the order may be obtained in vacation. This means at some time before the commencement of the term of court. What length of time before the term of court is not specified. We can see no good reason why an order made in October, should not hold good until the following February, in the absence of proof that the witness has changed his domicil, or that the judge has had reason to change his opinion in regard to the indispensability of the witness. The essential thing is that there shall be an order. Such order when once made ought to hold good until revoked.

How far the admission as to what the witness if present would testify to, may be made to stand as a substitute for the compulsory attendance of the witness, is a question which under special circumstances may present serious difficulty, but which cannot arise in this case, when, so far as appears, no effort whatever was made by the sheriff to secure the attendance of the witness; in such a case the defendant, if ruled to trial over objection, is clearly deprived of his constitutional right. As a matter of course, Act 84 of 1894 was not intended to operate as a nullification of this right to the compulsory attendance of witnesses. To give it such a construction would place it in direct conflict with the Constitution. State vs. Berkly, 92 Mo. 41; 4 S. W. R. 24.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence in this case be set aside and that the case be remanded to the lower court to be proceeded with according to law.