BREAUX, C. J.
The grand jury found a true bill against Albert Richard, Drozin *416 Barnes, Johnny Coleman, Josesyo Heppler, Jules Barnes, and Joseph Barnes on the 20th day of June, 1910, charging that on the 24th day of April, 1910, they struck Nouna Jolibois, Aristide Delame, and Willie Oaddou with a dangerous weapon — a stick — with intent to kill and murder.
Richard, Drozin Barnes, and Coleman were placed on their trial. The first two were found guilty. One was condemned to serve three years at hard labor in the penitentiary; the other, to one year in the parish prison. Coleman was acquitted.
The case was tried hy the court; the defendants waived the jury.
Richard and Barnes appeal.
The Attorney General and the-district attorney state that recently Barnes has abandoned his appeal and is now serving his sentence.
This is not denied by counsel for the defense.
There are four bills of exceptions in the record — a motion for a new trial and a motion in arrest of judgment.
Bill 1.
This bill relates to an- application for a continuance which the court refused to grant.
The defendants objected to going to trial on account of the absence of the State Senator from the district, their principal counsel, as they state, he was in attendance upon the session of the General Assembly.
The district attorney, who had charge of the prosecution in the district court, gives as his reason (made part of the bill of exceptions) for opposing a continuance, as stated by him to the court, that the absent senator agreed with him upon a day to try the case, viz., the 30th day of June, 1910; that he was fully aware that on that day the Legislature would be in session; that he was present and offered no objection when the case was fixed for trial; that 'he said to him that, as Judge Taylor Beattie was employed in the case, it could be tried without him.
The defendants were represented by a number of able counsel.
The per curiam of the trial judge states that Mr. Wortham seemed to manage the ease, and that, as he and Judge Beattie were able and experienced, the continuance applied for at the last moment on account of the absence of Mr. Marks was not granted.
It has repeatedly been decided by this court that, as relates to continuances, a large discretion is vested in the trial court.
In this instance it is very evident that the discretion was properly exercised.
Counsel, away in the discharge of his functions as a legislator, never intimated the desire of being present at the trial; doubtless, not wishing to delay the trial of a criminal case, he substantially agreed to let the case be tried without him.
Learned counsel for defendants urge that the accused are entitled to a continuance as a matter of right on the ground before mentioned
True, absence of counsel as a member of the General Assembly is cause for continuance, but not in a case such as disclosed by the record.
■If counsel chooses to let another able and experienced counsel represent a defendant, and the defendant does not appear to have been prejudiced thereby, there is no error committed in declining to grant a continuance.
This court has passed upon the question recently, and held, in substance, that defendants have no such absolute right to a continuance as claimed. State v. Murray, 111 La. 689, 35 South. 814; State v. Golden, 113 La. 791, 37 South. 757.
Bill 2.
The defendants, in answer to the court’s inquiry, said that they were not ready for trial on account of the absence of a principal *418 and material witness, to wit, Julia Levy, a resident .of the parish, who had been personally cited; that she was sick and unable to attend.
The district attorney thereupon offered to admit that the witness, if present, would testify that the defendant Albert Richard was not present when the alleged offense was committed.
The court thereupon ordered the accused to go to trial, reserving to the defense the right to offer the admission in question in evidence.
The defendants excepted on the ground that they were entitled to the presence of the witness.
They , made the usual allegation about the exercise of due diligence on the part of the defense as relates to this witness.
It appears that in time the defendants prayed for an attachment of the witness.
The court granted the prayer, but ordered the trial to go on, saying that it would hear the evidence and await the arrival of the return of the attachment.
The attending physician certified that the witness was confined to her bed too ill to attend.
Thereupon the court ordered the trial to proceed, reserving to the defendants the right to offer in evidence the admission offered to be made by the district attorney, as to what the witness would swear to.
The defendants state in' the bill of exceptions that they were compelled, under protest, and did under protest, offer the admission, reserving, however, all their rights under the objection.
The courts have decided that statutes which authorize the court to compel the state or defendant to trial upon required admission made by the party to the suit opposed to the continuance are constitutional.
None the less, a defendant is entitled to compulsory process.
If that process has been exerted, if the witness cannot be found, if he has gone to the limit of the power of the court, then the compulsory process of the court has been exhausted, and then the court can force the defendant to go to trial upon the admission that the witness, if present, would swear truthfully to the state of facts therein set forth.
There must an earnest effort be made to bring the witness into court. This is a prerequirement.
The Constitution guarantees to the accused the right to compulsory process. That was the view expressed in State v. Fairfax, 107 La. 625, 31 South. 1011.
In State v. Pruett, 49 La. Ann. 298, 21 South. 842, this court held, substantially, that the act cited ought not to be strictly construed, and that to the detriment of the right to compulsory process.
Direct and prohibitive expressions are used in State v. Adam, 40 La. Ann. 748, 5 South. 30.
There must an earnest attempt be made to bring the witness into court.
It was not possible; the witness was sick within the limits of the parish.
Defendants were entitled to a continuance.
The case is exceptional; the court announced that it would hear the other witnesses, and in the meantime the sheriff would execute the attachment.
If it had become evident that the witness could not be brought into court, it would be different. . ,
It was a matter of a short delay. As the case was tried before the court, and not before a jury, there was no occasion for inconvenience.
To the defendant must be given reasonable time and opportunity by compulsory process, and the admission of the prosecuting attorney cannot deprive him of the right.
The decision in Adkins v. Commonwealth, *420 98 Ky. 539, 33 S. W. 948, 17 Ky. Law Rep. 1091, 32 L. R. A. 108, is pertinent.
The process by attachment had been issued. A reasonable delay might have been given to ascertain positively whether the witness could or not appear in court within a reasonable time.
Our view upon this point dispenses us from the necessity of passing upon the other grounds of attack of the defense save those (hereinafter set forth in the course of the trial) directed against the validity of the indictment.
The accused urge that the dangerous weapon, to wit, a stick, alleged in the indictment, is in no manner set out.
We agree .with our learned brother of the district court that the word “stick” is a synonym for a “club.”
We will go one stex> further, and state that it is sometimes as dangerous as any other weapon.
A well-directed blow with a stick is more dangerous than a pistol held by a trembling hand.
Moreover, the defense did not file a motion to quash, but went to trial, and on the trial proof was admitted to prove that it was not a small harmless cane.
One of the accused, Drozin Barnes, has abandoned his appeal. We have no wish of denying him the privilege of serving out his sentence.
We had passed upon the first ground when we determined to remand the case; tor that reason, it remains as written in the first part of the opinion.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed only in so far as relates to Albert Richard; the case be remanded as to him for a new trial in accordance with the views herein expressed as relates to Albert Richard. As: relates to Drozin Barnes, having abandoned his appeal, it is not necessary that further action be taken; his ease is not before the court.