(77 South. 279)

No. 22831.

STATE v. ANDERSON.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬤⇒594(1)—RIGHTS OF ACCUSED—COMPULSORY PROCESS TO OBTAIN WITNESSES—STATUTE—CONTINUANCE.

It is not the object or purpose of Act No. 84 of 1894 to deprive an accused of his constitutional right to compulsory process to obtain witnesses in his favor, and therefore, where, by reason of failure of the sheriff to show that he has made any effort to serve a material witness in favor of the accused, the latter has not had the benefit of such compulsory process, his motion for a continuance should be granted.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

V. C. Anderson was convicted of an assault with intent to rape, and he appeals. On rehearing, former judgment set aside, conviction annulled, and case remanded for trial according to law.

Wm. C. Pegues, of Mansfield, for appellant. A. V. Coco, Atty. Gen., and J. F. Stephens, Dist. Atty., of Coushatta (Vernon A. Coco, of New Orleans, of counsel), for the State.

LECHE, J. The admitted facts upon which defendant's bill of exception No. 3 rests are the following: He was arraigned upon the charge of rape on July 11, 1917 and his trial was fixed for July 17th. The next day, July 12th, he gave the clerk of court his list of witnesses, and on the day of trial all were found present, except one J. J. Williams, a material witness.

The summons for Williams was only attempted to be served on the afternoon of July 16th, the day preceding the trial. The return on the summons could not be made by the deputy sheriff who had been intrusted to make the service, as he was not present in court, and the only information the sheriff could convey to the court was such as he had received by telephone, and was to the effect that the witness Williams could not be located. Defendant then moved for a continuance which the judge refused solely on the ground that the state would admit that, if the said Williams were present, he would testify as alleged in the motion for a continuance.

It has been held that, where it does not appear that the sheriff has made any effort to secure the attendance of a witness, Act 84 of 1894 will not justify a refusal for a continuance, as such a construction of the objects and purposes of that act would operate as a nullification of the constitutional right to have compulsory process for the attendance of one's witnesses. State v. Fairfax, 107 La. 627, 31 South. 1011; State v. Richard, 127 La. 418, 53 South. 669. See, also, State v. Scott, 110 La. 369, 34 South. 479.

Believing, then, on reconsideration, that the defendant has not had, so far as the record shows, the full benefit of compulsory process for the attendance of a material witness it is ordered that our former judgment be set aside, the defendant's conviction be annulled, and this case remanded for trial according to law.