(88 South. 696)

No. 24540.

STATE v. HARRISON.

(May 10, 1921.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⚖➣600(1)—Continuance obviated by admission that absent witness will testify to facts alleged.

Act No. 84 of 1894 allows either the state or defendant in criminal prosecution to obviate a continuance or postponement of trial because of absence of witness by admitting witness would, if present, testify to facts alleged in the motion for a continuance, but of course such statute shall not deprive defendant of right guaranteed him by Const. art. 9, to have compulsory process for obtaining witnesses in his favor.

2. Criminal law ⚖➣386—Bloodhound testimony admissible merely as circumstance.

So-called bloodhound testimony is admissible in evidence against a person accused of crime merely as circumstance tending to prove his guilt.

3. Criminal law ⚖➣662(4)—Certificates of registry and pedigree of bloodhounds held not admissible.

Documents termed registry and pedigree certificates of bloodhounds were not admissible in evidence, where they did not purport to be certified copies of official records, in view of Const. Bill of Rights, art. 9, guaranteeing that accused shall have right to be confronted by witnesses against him.

4. Criminal law ⚖➣1169(1)—Could not be said that introduction of certificates of registry of bloodhounds was not prejudicial.

It cannot be held that introduction in evidence of documents termed registry and pedigree certificates of bloodhounds which did not purport to be certified copies of official records, did not have prejudicial effect against accused because the owner of the hounds testified to their breeding, pedigree, reputation for trailing criminals, etc., since it is sufficient to render a verdict invalid that the facts sought to be proven by the illegal evidence were material and relevant to the issues, and that the illegal evidence might therefore have had some influence in producing the verdict.

5. Criminal law ⚖➣858(3)—Error to permit juror to take documentary evidence to jury room.

In criminal prosecution court erred in handing indictment and documentary evidence to foreman of the jury, without suggestion from either district attorney or defendant's attorney, saying that, along with indictment, he was handing to the jury "certain documentary evidence, which had been offered and filed in evidence in the trial of the case," since jurors should depend upon recollection of testimony.

Appeal from Twenty-Seventh Judicial District Court, Parish of Saint James; Sam A. Le Blanc, Judge.

William Harrison was convicted of breaking and entering dwelling house in the nighttime, with intent to steal, and appeals. Verdict and sentence annulled, and case remanded for new trial.

Howell, Wortham & Le Bourgeois, of Convent, for appellant.

A. V. Coco, Atty. Gen., Aubert L. Talbot, Dist. Atty., of Napoleonville (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, J. Appellant was convicted of the crime of breaking and entering a dwelling house in the nighttime, with intent to steal, and was sentenced to imprisonment in the penitentiary for a term not less than five nor more than six years.

[1] The record contains three bills of exception. The first bill was reserved to the overruling of defendant's motion for a continuance or postponement of the trial. The motion was founded upon the absence of a

STATE v. HARRISON

witness who had been duly summoned to testify to the good character or reputation of defendant. The witness resided in a neighboring parish. The subpœna was duly served, and the sheriff's return thereon was promptly filed, together with a physician's certificate, showing that the witness was unable to attend court because of illness. In response to the motion for a continuance, the district attorney made the admission that the witness would, if present, testify to the facts alleged in the motion. The court then overruled the motion, under authority of Act 84 of 1894 (page 117). The ruling was correct. The statute allows either the state or the defendant in a criminal prosecution to obviate a continuance or postponement of the trial, because of the absence of a witness, by admitting that the witness would, if present, testify to the facts alleged in the motion for a continuance. Of course, the statute shall not deprive a defendant of the right guaranteed him by article 9 of the Constitution, "to have compulsory process for obtaining witnesses in his favor." But the Constitution does not guarantee that every witness upon whom compulsory process shall have been served shall be present at the trial. When due process of the court has been exercised and is unavailing, the statute, allowing the state to obviate a continuance or postponement of the trial, by admitting that the absent witness would, if present, testify to the facts alleged in the motion for a continuance, gives a fair and reasonable substitute for the testimony of the absent witness. State v. Fairfax, 107 La. 627, 31 South. 1011; State v. Scott, 110 La. 369, 34 South. 479; State v. Richard, 127 La. 418, 53 South. 669; State v. Allen, 129 La. 734, 56 South. 655, Ann. Cas. 1913B, 454; State v. Anderson, 142 La. 553, 77 South. 279.

The second bill of exception was reserved to the overruling of defendant's objection to the introduction in evidence of two documents purporting to show the registry and pedigree of two bloodhounds that figured in the prosecution. The bill contains a statement, approved by the judge, of all the evidence against defendant. Two bloodhounds were taken to the window through which the burglar had entered the house, not less than 14 hours before, and the hounds followed a trail that led to defendant's home. His shoes fitted a footprint found on the trail. He admitted that, when he heard the hounds coming through his yard fence, and the crowd of men following them, he left his house from the opposite side. It appears that he went to a nearby store, and waited there until the officers sent for him. It is not contended that he attempted to escape or avoid arrest. The evidence on which defendant was convicted, therefore, was the testimony of the owner of the bloodhounds that they took up the trail at the window where the burglary had been committed, and followed it to defendant's home. The question of reliability of the dogs, their reputation for trailing criminals, their acuteness of scent, and, in that connection, their breeding or pedigree, was an important question before the jury.

[2] So-called bloodhound testimony is admissible in evidence against a person accused of crime, merely as a circumstance tending to prove his guilt. State v. King, 144 La. 430, 80 South. 615. In some states such evidence is not admissible at all, and, in those states in which it is admissible, the rule is that it should not be admitted until a proper foundation has been laid, by some proof of the reliability of the dogs, their acuteness of scent and power or sense of discrimination, and, in that respect, their reputation for trailing criminals, their pedigree, training, etc. With all that, the text-writers on the subject doubt that any trial judge would allow a conviction to stand upon proof only of the trailing by bloodhounds.

[3] The documentary evidence objected to in this case consisted of what are termed the registry and pedigree certificates of the dogs. There is one such certificate for each dog. They purport to have been issued in New York on February 4, 1911, are signed by one A. P. Vredenburgh, styled secretary "by N. H. D." One of the documents purports to be a certificate of the fact that Mr. B. F. Enochs registered a bloodhound named Jones Lady, assigned No. 147,020 in volume XXVIII of the American Kennel Studbook; that the registry fee of $1 was paid; and that the registration of the dog would be published in the Gazette of date February 28th. The other document purports to be a certificate of the fact that Mr. B. F. Enochs registered a bloodhound named Ottawa's Red Terror, assigned No. 128,499 in volume XXVIII of the American Kennel Club Studbook; that the registry fee of $1 was paid; and that the registration of the dog would be published in the Gazette of date February 28th. On each certificate appear some advertisements of the American Kennel Club and its Gazette, and a price list of certified copies of pedigrees of dogs, according to the number of generations. Each certificate also contains what purports to be the dog's family tree.

The documents are not sworn to or authenticated in any way. They would not be admissible in evidence, however, if they were authentic, because they do not purport to be certified copies of official records. They are only ex parte statements of supposed facts. There is no evidence as to who signed the initials "N. H. D.," for A. P. Vredenburgh, secretary, nor evidence that Mr. Vredenburgh held the official position or title of secretary of the American Kennel Club, or was the responsible custodian of the club's studbook.

The objection to the introduction of the documents in evidence was that they were not certified copies of any public or official record, but purported to be merely the ex parte and hearsay declarations of a person not present for cross-examination, and not even under oath.

Article 9, in the Bill of Rights, of the Constitution of this state, guarantees that—

"In all criminal prosecutions * * * the accused in every instance shall have the right to be confronted with the witnesses against him."

In State v. Helen Wilson, 141 La. 404, 75 South. 95, Ann. Cas. 1918D, 789, this court held that a statute which undertook to make an ex parte certificate of a fact shown by a public record—not a certified copy of the record, but a certificate by the officer of what his records showed—prima facie evidence of guilt, in a criminal prosecution, was unconstitutional, being violative of article 9 of the Constitution.

[4] It was not seriously disputed by the attorneys for the state, in the argument of this case, that the documents in question were not admissible in evidence. Their argument is that it is not likely that the evidence had a prejudicial effect against the defendant, because the owner of the bloodhounds testified to their breeding, pedigree, reputation for trailing criminals, etc. We do not know, and have no means of knowing, whether the jury would have convicted the defendant if the illegal evidence had not been introduced. It is sufficient, to render the verdict invalid, that the facts sought to be proven by the illegal evidence were material and relevant to the issues, and that the illegal evidence might therefore have had some influence in producing the verdict that was rendered. For that reason, the verdict must be set aside, and the case remanded for a new trial.

[5] The third bill of exceptions was reserved to the overruling of an objection on the part of defendant's attorney, to the judge's allowing the jury to take to their room the documentary evidence in the case, consisting of

the so-called registry and pedigree papers of the bloodhounds, and a sketch of the route which the dogs had followed in trailing the defendant from the place of the crime to his home. It appears that, at the conclusion of his charge to the jury, and without suggestion from either the district attorney or the defendant's attorney, the judge handed the indictment and documentary evidence to the foreman of the jury, saying that, along with the indictment, he was handing to the jury "certain documentary evidence which had been offered and filed in evidence in the trial of the case." Defendant's attorney promptly objected to allowing the jury to have the documentary evidence before them during their deliberations. The objection should have been sustained. The jurors had to depend upon their recollection of the testimony, during their deliberations. Even if the evidence furnished by the so-called registry and pedigree certificates of the bloodhounds had been legally put before the jury, it would be wrong for the jurors to have had a better means of being impressed by that evidence than by the testimony given by the witnesses in the case; and it was especially wrong for the judge thus to remind the jurors of that particular evidence in the case.

The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court for a new trial.

PROVOSTY, J., concurs in decree.