### No. 698.

### THE STATE vs. JOSEPH COLBERT.

The admission by the plaintiff that an absent witness of defendant would, if present, swear to certain facts, will not debar the plaintiff from disproving the facts.

What a witness has deposed in a previous examination, in the same case, is admissible to rebut his testimony.

In a criminal case the judge may, even after the evidence is closed, reopen the case at any time before the argument begins.

The juries in criminal cases, as a rule, should not be permitted to take with them to their places of consultation any part of the evidence that may be in writing. They must rely on their recollection of the evidence.

APPEAL from the Eleventh Judicial District Court, parish of Union, Trimble, J.

*Robert J. Vaughn*, District Attorney, for the State.

*J. S. Young*, for defendant and appellant.

The opinion of the court was delivered by

SPENCER, J. The defendant was indicted, tried and convicted of the larceny of a hog and sentenced to two years in the penitentiary.

Before trial he filed an affidavit for continuance on account of the absence of one Joe Mays and two other witnesses, whose testimony he swore was material, stating the facts he expected to prove by them.

The district attorney admitted that the witnesses named, if present,

would swear to the facts stated. The defendant thereupon announced his readiness for trial, without requiring the State to admit the truth of the facts stated in the affidavit, as he might have done.

For the purposes of the trial, therefore, the three absent witnesses were to be considered as having been put upon the stand, and as having testified as stated in the affidavit which was accordingly read to the jury by the defendant's counsel as part of his evidence.

The district attorney thereupon offered the testimony of said Joe Mays, taken contradictorily with the accused, on the preliminary examination, and also the testimony of one Hudson, in rebuttal, and as impeaching the statements of the witnesses as sworn to by the accused and admitted by the State. This evidence on part of the State was admitted by the court after the district attorney had announced that he had closed. To this evidence the accused by his counsel objected—

First—That the statement of the testimony of the absent witnesses as given in the affidavit can not be contradicted.

Second—That after announcing that the testimony was closed, the district attorney could not offer further evidence.

Third—That the testimony taken before the committing magistrate was not admissible unless the witness was dead or absent from the State, which was not shown.

In answer to the first and third objections, it suffices to say that the *statements of the affidavit* were, *for the purposes of the trial,* taken and considered *as the evidence* of the absent witnesses, and therefore could be contradicted or discredited in precisely *the same* ways that their testimony, if actually given, could be.

One of the modes of discrediting a witness is by showing that he had sworn differently on a previous examination; and this fact would be best proved by the record of that examination. If the objection had been that the State had not laid the foundation for its admission by asking the witness if he had ever previously sworn differently, it would have been perhaps good, but that objection was not made, and we can not supply it.

As to the second objection, it was a matter to be left to the sound discretion of the judge, whether he would, after the State announced that it had closed, *and before argument began,* allow further evidence. We see no reason to suppose the judge abused this discretionary power in this case.

The counsel of accused further asked the judge to permit the jury, on retiring to consider their verdict, to take with them his affidavit aforesaid, stating the facts that it was admitted the absent witnesses would swear to. The judge, we think, properly refused. The affidavit had been read to the jury, and constituted only part of the evidence submit-

State vs. Colbert.

ted to them. The evidence in criminal cases is to a great extent oral, and never reduced to writing. It would not be proper to give the jury part of the evidence. They must rely upon their memory; and it is not the practice in criminal cases to allow the jury to take written evidence offered with them to the jury room. Cases might arise when the judge *in his discretion* would permit it to be done, as where it was necessary for a jury to compare handwriting or other similar instances, but the present case does not fall within the classes referred to.

Judgment affirmed with costs.

### DISSENTING OPINION.

EGAN, J. I dissent from so much of the opinion read by Mr. Justice Spencer, as the organ of the court, as sustains the ruling of the court below in admitting, against the objection of the counsel for the accused, the deposition of a witness taken on the commitment trial to contradict the admissions made by the counsel for the State embodied in the affidavit of the accused. I think this was error. The State by making the admission induced the accused to go to trial on the faith and assumption that the statements of fact in the affidavit should be taken as the evidence of the witness and contained no basis for the subsequent introduction of evidence of different statements at another time, the right to inquire into which had, I think, been waived by the State by the admission of the affidavit. As independent evidence, the deposition was liable to the objections made. It must be supposed to have influenced the verdict. The court should not have allowed the case to be reopened to receive this evidence, and could not control its effect. A new trial should be ordered.