LAND, J.
 

 , The defendant, Armand Juneau, was jointly indicted with Willie Arnaudville and Ralph Arnaudville for the theft of a heifer, the property of Henry Mayeux.
 

 The defendants, Ralph Arnaudville and Willie Arnaudville, pleaded guilty and were sen- • fenced. The defendant, Armand Juneau, pleaded not guilty, was tried by jury, and was convicted and sentenced to serve a term of not less than fifteen nor more than thirty months at hard labor in the state penitentiary.
 

 Defendant has appealed and relies for the reversal of the conviction and sentence upon five bills of exceptions, only one of which, bill No. 5, has any merit.
 

 The court permitted the jury, over the timely objection of defendant’s counsel, to receive and take into the jury room a book in which defendant kept a record of all cattle purchased by him.
 

 The trial judge states in the per curiam to this bill that the jury had asked for the book, which had been received in evidence; that the book contained only one entry .pertaining to the case; and that the jury were instructed to disregard all entries therein except the one in question, which had been admitted in evidence. ’
 

 In State v. Colbert, 29 La. Ann. 715, it is said that: “The evidence in criminal'cases is to a great extent oral, and never reduced to writing. It would not be proper to give the jury part of the evidence. They must rely upon their memory; and it is not the practice in criminal eases to allow the jury to take written evidence offered with them to the jury room. Gases might arise whén the judge in his discretion would permit it to be done, as where it was. necessary for a jury to compare handwriting or other similar instances, but the present case does not fall within the classes referred to.” See, also, State v. Harris, 34 La. Ann. 118, 120.
 

 Nor does the instant case come within any of the exceptions enumerated in State v. Colbert, cited supra. The jury should not have been permitted to take with them any portion of the written evidence, especially as all of the entries in defendant’s book, except one, were admittedly irrelevant, and constituted, therefore, illegal evidence in the case.
 

 We are constrained to believe that the jury in the case considered and gave weight to the
 
 *154
 
 irrelevant entries in defendant’s book as to purchases of the cattle made by- him, and that this illegal evidence contributed in part to his conviction.
 

 In reversing the conviction and sentence in State v. Harrison, 149 La. 89, 88 So. 696, 698, the court said: “Defendant’s attorney promptly objected to allowing the jury to have the documentary evidence before them during their deliberations. The objection should have been sustained. The jurors had to depend upon their recollection of the testimony, during their deliberations. Even if the evidence furnished by the so-called registry and pedigree certificates of the bloodhounds had been legally put before the jury, it would be "wrong for the jurors to have had a better means of being impressed by that evidence than by the testimony given by the witnesses in the case.”
 

 The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court for a new trial.