ST. PAUL, J.
 

 The defendant was charged, tried, and convicted of manslaughter. Her appeal brings up two bills of exception both of which raise the same question, to wit, the correctness vel non of the trial judge’s ruling in refusing to let the jury take with them a certain map or plat of the locus where the homicide occurred; the jury having made a request- therefor. Which plat or map had been prepared and offered in evidence by the state, the correctness thereof not being disputed.
 

 The per curiam of the district judge annexed to the main bill of exception reads as follows:
 

 “The defendant, Isabelle McKinney, and her husband, Rogers McKinney, at the time she killed her said husband, lived and resided in a camp in two railroad box cars. A white family lived in two other box cars near by. In the trial of the case, the State had prepared and offered in evidence a plat showing the location and arrangement of these cars. The witness who prepared the plat explained it in detail to the jury, pointing out in which of the four cars the defendant and her husband lived and the exact spot where the body of defendant’s husband was found after he was shot. The plat was handed to the jury, during the trial and at the time it was offered in evidence, and each juror examined it. Defendant admitted killing her husband by shooting him with a shotgun, but claimed that the killing was done accidentally.
 

 “After the jury had gone to its room and deliberated for approximately one hour, the foreman knocked on the door. The Sheriff answered the knock and held a brief conversation with the foreman. Court was then in session, engaged in the trial of another case. The Sheriff came to the bench and informed me that the jury wanted the said plat brought to the jury room so it could further examine it. I told the Sheriff to tell the foreman that the jury could not have the plat or carry it into the jury room. I did not communicate this request to either the District Attorney or to defendant’s counsel. After some five minutes further deliberation the jury returned its verdict of guilty.
 

 “My reason for refusing to allow the jury to have the plat in question was that it was not such a document as requires a physical examination to enable the jury to arrive at a just conclusion. It is not such a document or object that the jury is permitted to have, while deliberating, as set forth in article 395 of the Code of Criminal Procedure. Several witnesses, including the defendant, went on the witness stand and detailed the facts describing the killing. The plat was not offer
 
 *217
 
 ed by'the State ior tbe purpose of proving any of tbe essential facts necessary to be proven in order to convict, but only for tbe purpose of giving tbe jury a picture of tbe scene of tbe crime.
 

 “If it was error to refuse tbe jury tbe right of carrying tbe plat into tbe jury room, tben tbe error was a harmless one. No injury is alleged or shown to have resulted from tbe refusal of tbe Court to permit tbe jury to have tbe plat.”
 

 We think tbe trial judge erred. Article S95 of the Code of Criminal Procedure reads as follows:.
 

 “Art. S95. In reaching a verdict tbe jurors must rely upon their memories, and they shall not be allowed, when they retire from tbe court room, access to any written evidence or to any notes of tbe testimony of any witness, but they may take with them when they retire to deliberate, any object or document received in evidence that requires a physical examination to enable them to arrive at a just conclusion.”
 

 To make a physical examination of an object is- to subject it to tbe test of one of tbe five senses, by which we perceive and know material things. Hence to inspect, or look at, an object or document, is. to make a physical examination thereof.
 

 Now a plan, plat, map, picture, photograph, or model, -is simply a miniature reproduction of tbe physical object, or thing, which it represents; and is intended for the convenience and information of those who might otherwise wish, or be obliged, to inspect the object or thing itself. Hence whenever any plat, photograph, model, etc., is offered in evidence, it is as if the thing itself which it represents had been offered in evidence. And ■since, by the very terms of the Code, the jury “may take with them when they retire to deliberate any object * * * that requires a physical examination to enable them to arrive at a just conclusion,” it follows that they may also take with them the miniature reproduction of such object produced for their convenience and information.
 

 And, as it seems clear that those who are charged with the duty of reaching such just conclusion are the best judges of Whether or not they require an inspection of some physical object in order to do so, it follows that the jury should always be allowed to examine any object which is physically (or in miniature) offered in evidence.
 

 We think the jury should have been allowed» to see the plat for which they called, and that it was error to refuse their request.
 

 Nor will it do to say that the error was a harmless one. If the jury were unable to reach a just conclusion without an inspection of the plat which they called for (and their calling for the plat is evidence that they thought they could not do so), then it is clear that this defendant may have suffered an injury by a verdict against her rendered by a jury who confess that they were not in a position to reach a just conclusion as to her guilt or innocence of the crime with which she is charged. This suffices to warrant the setting aside of their verdict in the premises.
 

 Decree.
 

 For the reasons assigned the sentence and verdict herein are set aside, and the case is now remanded for a new trial according to law.
 

 LAND and ODOM, JJ., dissent.