303 So.2d 487 (1974)
STATE of Louisiana, Appellee,
v.
Aaron Louis FREETIME, Appellant.
No. 54598.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 6, 1974.
*488 R. Lee McDaniel, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of manslaughter and sentenced to twenty-one years at hard labor. On his appeal, the defendant relies primarily on Bill No. 10. We find merit to it and, accordingly, reverse.
The bill arises under the following circumstances: After the jury retired to deliberate on the verdict, it sent word to the trial judge that it desired to have the defendant's confession sent to the jury room. Over the defendant's objection, the court so ordered. The written confession was a typed transcription of questions by a detective and answers by the defendant, signed by the defendant after transcription.
The objection is founded upon Louisiana Code of Criminal Procedure article 793 (1966). The code article itself contains, almost verbatim, the substance of Article 395 of the Louisiana Code of Criminal Procedure of 1928 (Act 2 of 1928, Section 1, art. 395; former La.R.S. 15:395 (1950)). The latter enactment itself represented a codification of the jurisprudence applicable in this state since the earliest times. Note, Materials Permitted in Jury Room, 31 Tul.L.Rev. 690 (1957).
The 1966 code article provides:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict." (Italics ours.)
The policy choice thus represented is to require jurors to rely on their own memory as to verbal testimony, without notes and without reference to written evidence, such as to depositions or transcribed testimony. The general reason for the prohibition is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus brought into the room with *489 them. However, such prohibition is contrary to the growing trend to permit discretion in the trial court, in the absence of a statutory prohibition, to accede to jury requests to see exhibits and writings (except depositions).
See: American Bar Association Standards for Criminal Justice Relating to Trial by Jury, Standard 5.1, and Commentary thereto (1968); Annotation, Taking Confessions into Jury Room, 37 ALR 3d 238 (1971); 5 Wharton's Criminal Procedure, Section 2111 (Anderson ed., 1957).
The able trial judge permitted the confession to go to the jury, upon its request; for he felt that no prejudice could occur, since the jury had already heard and handled and read the confession when it was introduced into evidence. This, of course, is the view of the growing number of jurisdictions which do not bar jury-deliberation access to exhibits introduced into evidence.
Nevertheless, the Louisiana legislature has made the value-determination that, because of presumed prejudice, documents received in evidence should be sent to the jury on its request only "when a physical examination thereof is required to enable the jury to arrive at a verdict," Article 793 (italics supplied). The present confession does not fall within this exception, since the purpose of its going to the jury did not concern a physical examination, such as to see or feel or measure it with regard to an issue raised in connection with such physical examination.
The jurisprudence, as well as the general intent of the code article, do not support a contention that a confession should be permitted to go to the jury for the sole purpose of its re-reading the verbal content of the exhibit.
The physical-examination-required exception to the prohibition against documentary evidence going to the jury came into the jurisprudence (see 31 Tul.L.Rev. 693) with dictum in State v. Colbert, 29 La.Ann. 715 (1877). That decision upheld the trial court's refusal to let an affidavit properly introduced in evidence to go to the jury for its deliberations, but noted that such might be done in instances such as where "it was necessary for a jury to compare handwriting." 29 La.Ann. 717.
The re-examining of a documentary exhibit for its verbal content has not been included as an allowable purpose of "physical examination". We found no Louisiana decision where, over objection, the jury was afforded access to a documentary, after the case was submitted to it, for such purpose. To the contrary, convictions have been reversed when, over objection, documentary exhibits were given to the jury for the purpose of permitting it access to the verbal contents thereof. State v. Arnaudville, 170 La. 151, 127 So. 395 (1930) (account book); State v. Harrison, 149 La. 83, 89, 88 So. 696 (1921) (bloodhound pedigrees).
The State relies upon dicta in State v. Tarrance, 252 La. 396, 211 So.2d 304 (1968). The decision upheld the trial court's refusal of a requested jury charge which informed the jury they might hear recordings of inculpatory statements made by the defendant at the time of arrest. The decision is not at all in point.
The persuasive argument is made to us that we should interpret the 1966 code article as permitting the trial jury sole discretion to determine whether "physical examination" is required by it of any documentary exhibit. See 31 Tul.L.Rev. 694.
This argument is founded in our ruling in State v. McKinney, 174 La. 214, 140 So. 27 (1932). There, we reversed a trial court for its failure to let the jury have a plat of the scene of the crime, which had been introduced in evidence. We pointed out that a map or plat was a miniature reproduction of the physical object or thing it represents, and that to inspect or look at this object (i. e., the terrain) is to make a physical examination of it. We concluded *490 that the jurymen are best able to determine whether they require physical examination, "so, it follows that the jury should always be allowed to examine any object which is physically (or in miniature) offered in evidence." 140 So. 28. (Italics supplied.)
The decision is not authority for unlimited jury discretion to obtain documentary exhibits in order to refresh the jurors' memory as to the verbal contents. Nevertheless, it is certainly in accord with the views of a growing number of jurisdictions that the jury should have access to all documentary and other exhibits it desires, in the absence of demonstrated prejudice.
Were we free to ignore the legislature's policy-choice and its direct prohibition as represented by the statute here applicable, we incline to the extension of the rationale of the McKinney decision so as to permit jury-deliberation access to confessions and similar documentary evidence. We would then be in accord with the trial court's exercise of what it felt to be its discretion to allow the jury access to the confession during its deliberations.
However, in view of the explicit prohibition by Article 793 of jury access to documentary exhibits during deliberations, except for the purpose of physical examination, we must hold that this statutory prohibition was violated. We cannot ignore the purpose of the legislative intent by holding that, upon request, a jury is permitted to obtain a confession during its deliberations for the purpose of re-examining its verbal content, despite the legislative prohibition by Article 793 and the legislative injunction of that article that, in such instances, the jurors should rely on their own memories.
The trial court was therefore in error in permitting the confession, over objection, to be sent in to the jury during its deliberation. The conviction and sentence are reversed and set aside. The case is remanded to the district court for a new trial.
Reversed and remanded.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Juries are prohibited from having access to written evidence in the first part of article 793. However, the latter part of this article clearly provides that, upon request of a juror and in the discretion of the court, the jury may take with it or have sent to it any document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict. I consider a written confession to be such a document. Accordingly, I respectfully dissent.
SANDERS, Chief Justice (dissenting).
Article 793 of the Louisiana Code of Criminal Procedure provides:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict." (Italics ours).
As we recently held in State v. Hall, 253 La. 425, 218 So.2d 320 (1969), a written confession of the defendant is documentary evidence. It is not recorded testimony. Clearly, it is a "document" within the meaning of the above article.
In the light of this conclusion, the trial judge has the discretion to make it available to the jury upon request. In my opinion, *491 the trial judge did not abuse his discretion.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
The simple issue here is whether the written, transcribed confession of the defendant is a "document" received in evidence, a physical examination of which is required to enable the jury to arrive at a verdict as contemplated by Article 793 of the Code of Criminal Procedure. That a physical examination is required is evidenced by the jury's expressed desire to have the written confession sent to the jury room. The confession here is a writing which serves to demonstrate or prove a critical issue of this trial. As such it falls squarely within the universally accepted definition of the word "document". See Webster's Third New International Dictionary.
Aside from the majority's failure to abide by the plain language of Article 793, there is in its opinion a total disregard of the discretion granted to the trial judge by the legislature.
In no particular does the ruling of the trial judge offend the proscriptions of Article 793 of the Code of Criminal Procedure. The jurors were not permitted to refer to notes; they were not permitted to have access to written evidence such as depositions or transcribed testimony; and the testimony was not repeated to the jury. All that was done is what the Article plainly permits: when the jury requested it, the trial judge, exercising the discretion the Article vests in him, sent the document received in evidence to the jury because it was required by them to arrive at a verdict. They wanted to see and examine the document itself. Nowhere does the Article confine examination to feeling or measuring. Documents are to read, not to be felt or measured.
The provisions of the Code are intended to provide for the just determination of criminal proceedings. Courts are mandated to construe its provisions to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay. La.Code Crim.Proc. art. 2. This decision fails on all counts. The jury's determination is set aside by a highly technical construction which reads out the true meaning of the article. By reason thereof final judgment in this case will be unjustifiably delayed, and the costs the citizens must bear are made more onerous.
Again this majority overrules sound decisions of this Court.
I respectfully dissent.