310 So.2d 833 (1975)
STATE of Louisiana, Appellee,
v.
Clyde McCULLY, Appellant.
No. 55571.
Supreme Court of Louisiana.
March 31, 1975.
*834 Gordon Hackman, Boutte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., Norman J. Pitre, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, for plaintiff-appellee.
TATE, Justice.
The defendant McCully was convicted of possession of marijuana, La.R.S. 40:971 (c), and sentenced to six months' imprisonment and fined. Numerous bills of exceptions were reserved during the trial and are argued on appeal. However, we need discuss only Bill No. 34, which presents reversible error.
After the case was submitted to the jury, it returned and requested that the testimony of Agent Louque, a principal State's witness, be repeated to it. The defendant objected, urging undue emphasis on the agent's testimony would thus result. Alternatively, the defendant wanted the other evidence read also.
Despite the defendant's repeated objection, the trial court permitted the tape containing this agent's testimony to be repeated to the jury.[1]
A clear violation of an express statutory prohibition occurred when the trial court permitted, over defense objection, the testimony of the witness to be repeated to the jury after it had retired to the jury room. Article 793 of the Code of Criminal Procedure provides: "A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. * * *."
The explicit prohibition against re-reading of recorded testimony was added by the 1966 code. Official Revision Comment (a). The earlier prohibitions[2] against access to any written evidence or to any notes of testimony were retained, as was the legislative requirement that jurors should rely upon their memories. The general policy behind all these prohibitions is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus emphasized. State v. Free-time, 303 So.2d 487 (La.1974).
We are mindful that the overwhelming majority of jurisdictions permit testimony *835 to be re-read to the jury upon its request, and that there are sound reasons why such jurisdictions regard the practice as salutatory. American Bar Association Standards for Criminal Justice Relating to Trial by Jury, Standard 5.2 (1968) and commentary thereto; 5 Wharton's Criminal Procedure, Section 2110 (Anderson ed., 1957). Nevertheless, Louisiana is not one of these jurisdictions.
The Louisiana legislature has recently re-enforced a traditional prohibition against jury re-examination of trial evidence by the additional express prohibition of Article 793 against re-reading testimony to jurors. We cannot ignore this deliberate policy choice and this express enactment by our legislative branch. It is for the legislature to repeal or modify this prohibition, not for us to refuse to enforce it.
Nor can we characterize this erroneous violation of a specific statutory prohibition as harmless. For one thing, as "a substantial violation of a ... statutory right", it cannot under Article 921 of the Code of Criminal Procedure be regarded as harmless. For another, the jury's re-hearing of the testimony solely of the chief prosecution witness (see Footnote 1) can only be regarded as prejudicial to the accused, accepting the legislative policy which prohibited doing so as overemphasizing such testimony in preference to other testimony in the record.[3]
To characterize as harmless this express and prejudicial violation of a statutory right is to ignore the legislative mandate and, in effect, to repeal the legislative prohibition. This, we cannot do.

Decree
Accordingly, the conviction and sentence are annulled, and the case is remanded for a new trial in accordance with law.
Reversed and remanded.
SANDERS, C. J., dissents with written reasons.
SANDERS, Chief Justice (dissenting).
Recently, in State v. Freetime, La., 303 So.2d 487 (1974), a majority of the Court reversed a conviction because the trial judge granted the jury's request to see defendant's written confession after beginning deliberations. I dissented on the ground that Article 793 of the Louisiana Code of Criminal Procedure permits the trial judge, upon the jury's request, to send to it a "document" for physical examination. I believe that the Code Article was not violated.
In the present case, the repetition of the witness's testimony did violate the Code Article. See LSA-Cr.P. Art. 793. Not every irregularity, however, requires reversal. The law does not require a perfect trial, only a fair one. See LSA-C.Cr.P. Art. 921. The violation of statutory procedure is not always reversible error. See State v. Ledet, La., 298 So.2d 761 (1974).
The repeated testimony of Agent Louque was not the only damaging testimony against the defendant. Carmen Dufrene, another state's witness, also testified that the defendant had marijuana in his possession and smoked it.
Here, there is other conclusive evidence of guilt. I do not think that the repetition *836 of a witness's testimony justifies a reversal. There repetition of testimony is neither inherently prejudicial nor violative of fundamental rights. See State v. Ledet, supra; Autry v. State, 34 Ala.App. 225, 38 So.2d 348 (1949); Barton v. State, 72 Fla. 408, 74 So. 230 (1916); 5 Wharton's Criminal Law and Procedure, § 2110, p. 292 (1957); A.B.A. Standards for Criminal Justice Relating to Trial by Jury, Standard 5.2(a), p. 136 (1968).
The A.B.A. Standards for Criminal Justice, supra, has addressed the question of prejudice, as follows:
"When a jury retires to consider their verdict, their discussion may produce disagreement or doubt or failure of definite recollection as to what a particular witness said in the course of his testimony. If they request enlightenment on the subject through the reading of his testimony, in the absence of some unusual circumstance, the request should be granted. The true administration of justice calls for such action. When there is a doubt in the minds of jurors as to what a witness said, it cannot be prejudicial to anyone to have that doubt removed by a rehearing of his testimony. There is no need to chary for fear of giving undue prominence to the testimony of the witness. If ... a jury is to be considered intelligent enough to be entrusted with powers of decision, it must be assumed they have sense enough to ask to have their memories stimulated or refreshed only as to those portions of the testimony about which they are in doubt or disagreement."
In my opinion, the error is not reversible, and the conviction should be affirmed.
For the reasons assigned, I respectfully dissent.
NOTES
[1] The testimony is to the effect that in his presence a marijuana cigarette was passed around and smoked by all nine guests at the Dufrene home, one of whom was the defendant. Mrs. Dufrene was also an undercover agent. This hostess preserved the cigarette so smoked for Louque, and the cigarette and the testimony of the two under-cover agents is the principal evidence of possession presented against the defendant. Louque also identified the cigarette and was the chief evidence of its chain of custody.
[2] La.R.S. 15:395 (1950), re-enacting a similar provision in the 1928 Code of Criminal Procedure, Act 2 of 1928.
[3] The defendant McCully took the stand and denied smoking any cigarettes, although he saw others doing so at the wine party and assumed some of them were smoking marijuana. He had been invited by a friend of Mr. Dufrene, the host, who was married to the undercover agent. Dufrene, now estranged from his wife, also testified that McCully did not participate in the smoking. Louque only generally testified that all those present passed around the cigarette, although he also testified that other cigarettes were also lighted. His testimony does not expressly identify the defendant McCully as one of the smokers.