459 So.2d 756 (1984)
STATE of Louisiana
v.
Dexter BURAS.
No. KA-1840.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*757 Anthony D. Ragusa, Jr., Port Sulpher, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., New Orleans, Leander H. Perez, Jr., Dist. Atty., 25th Judicial Dist., Parish of Plaquemines, Point a la Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before WILLIAMS and BYRNES, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Dexter Buras was indicted for aggravated kidnapping, a violation of La.R.S. 14:44. Following a trial by jury, he was found guilty as charged and sentenced to serve the mandatory penalty of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, Buras relies upon seven assignments of error. Finding merit in the sixth of the assigned errors, we annull and set aside the conviction and sentence.
In assignment of error number six defendant contends the trial court erred when it allowed a transcript of certain recorded telephone calls to be brought into the jury room. After the case had been submitted to the jury, and after it had retired to deliberate, the jury sent word to the trial judge that it desired to have a transcript of the recorded telephone conversations sent to the jury room. Over the defendant's objections, the trial court permitted the transcript to be sent to the jury. The document was a typed transcription of F.B.I. recorded telephone calls to the family of the kidnapping victim from the alleged kidnappers demanding $400,000.00 for the return of the victim and threatening severe harm to the victim in the event of noncompliance with the ransom demand.
La.C.Cr.P. Art. 793 mandates what evidence can and cannot go into the jury deliberation room. That article provides:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict."
The clear rule derived from this article is that the jury is not to take written evidence into the jury room, or receive it there, except for the sole purpose of conducting a physical examination of the document itself to determine an issue which does not require the examination of the verbal contents of the document. State v. Perkins, 423 So.2d 1103 (La.1982); State v. Passman, 345 So.2d 874 (La.1977); State v. McCully, 310 So.2d 833 (La.1975); State v. Freetime, 303 So.2d 487 (La.1974). For example, a jury can only examine written evidence to ascertain or compare the signature, or to see or feel it with regard to its actual existence. State v. Perkins, supra; State v. Freetime, supra. Our courts have consistently have held that reversible error results when written evidence is given to the jury for the purpose of permitting it access to the verbal contents of the document. State v. Perkins, supra; State v. Passman, supra; State v. McCully, supra; State v. Freetime, supra; State v. Arnaudville, 170 La. 151, 127 So. 395 (1930); State v. Harrison, 149 La. 83, 88 So. 696 (1921).
As stated by the Louisiana Supreme Court in State v. Freetime, supra at pgs. 488-489:
The policy choice thus represented is to require jurors to rely on their own memory as to verbal testimony, without notes and without reference to written evidence, such as to depositions or transcribed testimony. The general reason for the prohibition is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus brought into the room with them.
In the present case, it is clear the jury wished to examine the transcript of the recorded telephone calls for its verbal content and not for its physical characteristics. *758 In view of the clear and express prohibition in La.C.Cr.P. Art. 793 and our jurisprudence thereunder, we must hold that permitting the transcript to be sent in to the jury during its deliberations constituted reversible error.
We cannot, as the state urges, characterize the trial court's violation of this specific statutory provision as harmless. It does violate substantial rights of the accused (La.C.Cr.P. Art. 921). The jury's re-examination of only the transcript of the telephone calls was highly prejudicial to the accused. The transcript, although not directly linking the defendant to the crime, does provide direct evidence of the essential elements of the crime with which the defendant is charged. The same danger present in Perkins, Passman, McCully and Freetime is present in this case. The danger is that undue weight may be given to this particular piece of evidence.
As we have said, following the legislative mandate in La.C.Cr.P. Art. 793 and the jurisprudence thereunder, this court is required to find that sending the transcript of the telephone calls into the jury room constituted reversible error. To hold the opposite would violate the rule established by that article and in the above cited Supreme Court cases.
For the reasons assigned, the defendant's conviction and sentence are annulled and set aside, and the case is remanded to the district court for a new trial.
CONVICTION AND SENTENCE ANNULLED AND SET ASIDE; CASE REMANDED.