GAUDIN, Judge.
William S. Hart, alias William C. Smith, was convicted by a 12-person jury in the 24th Judicial District Court of second degree murder and sentenced to life imprisonment. On appeal, he contends:
(1) That some of the jurors did not actually hear several taped statements played during the trial and that consequently he (Hart) should have been given a new trial, and
(2) That the evidence was not legally sufficient to support the guilty verdict.
Also, he asks this Court to examine the record for errors patent.
Finding no substance in either assignment of error and discovering no errors patent, we affirm Hart’s conviction and sentence.
The prosecution called various witnesses and Hart was found guilty of fatally stabbing Patrick Hayes. The victim was stabbed 33 times.
ASSIGNMENT NO. 1
Among the State’s witnesses were police officers William Rodrigue and Barry *1367 Wood, both of whom testified that Hart had given statements that had been taped. These tapes were played for the jury, without objection by defense counsel.
Hart did not present a defense, relying instead on assertions of self-defense contained in the tapes.
After the case had been submitted to the jury and deliberations begun, the jury returned to the courtroom and asked that the tapes be replayed because several jurors on the far end of the panel hadn’t been able to hear them. This request, however, runs afoul of LSA-C.Cr.P. art. 793, which reads:
“A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.” (Underlining provided.)
In State v. Johnson, 438 So.2d 1091, (La.1983), the Supreme Court of Louisiana, in affirming a first degree murder conviction, stated:
“In interpreting this provision, we have repeatedly held that La.C.Cr.P. art. 793 absolutely prohibits the repetition of testimony to the jury. State v. Perkins, 423 So.2d 1103 (La.1982); State v. Gaston, 412 So.2d 574 (La.1982); State v. McCully, 310 So.2d 833 (La.1975). The general reason for this prohibition is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus emphasized. State v. McCully, 310 So.2d 833 (La.1975); State v. Freetime, 303 So.2d 487 (La.1974). “Although we recognize that a majority of jurisdictions permit testimony to be re-read, to the jury upon its request, the enactment of La.C.Cr.P. art. 793 represents an express legislative choice in the matter. Accordingly, we conclude that under the express provisions of La.C. Cr.P. art. 793, the jury was not entitled to rehear ... testimony ... The trial court did not err in so ruling.”
When the tapes were played in the instant case, none of the jurors complained about not being able to hear what was being said. Had the trial judge permitted the tapes to be replayed once the jury’s deliberations started, he would have fallen into error.
During closing arguments, both the Assistant District Attorney and Hart’s attorney discussed the content of the tape recordings. Appellant’s self-defense contention was before the jury and obviously it was rejected.
ASSIGNMENT NO. 2
Contending that the evidence was not legally sufficient to support a guilty verdict, appellant relies on Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 and two Louisiana decisions[1] saying that when self-defense is asserted, the prosecution must prove beyond a reasonable doubt, with direct and/or circumstantial evidence, that the killing was not justified. Evidence was presented indicating that Hart had received blows to his head.
In State v. Wright, 445 So.2d 1198 (La.1984), the Supreme Court of Louisiana, citing Jackson and R.S. 15:438, stated:
“The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia ... requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that ‘Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’
*1368 “This Court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict.”
During the instant trial, testimony revealed that Hart had, not long before the murder, shared a trailer with the victim and the victim’s brother, Kevin Hayes. Hart, however, had been evicted by the trailer’s owner and forbidden to enter. He was also asked to turn in his keys, but he had not complied with this request.
A few weeks prior to the killing, Hart had badly beaten Patrick Hayes. The day before the murder, Hart told Kevin Hayes that he was going to “get” Patrick. Kevin quoted Hart as saying:
“I am going to get Pat before I go ... I won’t kill him but I will make him wish he was dead.”
Late in the afternoon of the following day, Hart went to the trailer and encountered Patrick. As there were no signs of forced entry, Hart likely entered with his key. Hart said, in the tapes, that Patrick hit him with a tire iron and that he (Hart) did not remember what happened thereafter.
Roy Gaubert, who lived nearby, said that Hart ran from the trailer with blood on his clothes and with the bloody blade of a knife protruding from his pocket. Hart went to the home of Rhonda St. Clair, where he entered, according to Rhonda and a friend, bloody and hysterical. Hart was then quoted as saying that he thought he had killed Patrick, but that if he was still alive, he (Hart) was going back to make sure he was dead.
Despite 33 knife wounds, Patrick exited the trailer and staggered approximately 25 feet before falling to the roadside. He died later that night.
Hart was captured the next day in Reserve, where police used tear gas to force him from a trailer.
Viewing the evidence, direct and circumstantial, in light of the State v. Wright and Jackson v. Virginia standards, we cannot say on review that the jury erred in concluding that the State proved, beyond a reasonable doubt, that Hart, who went to the trailer uninvited and armed with a weapon, had the specific intent to kill and that he had not acted in self-defense. The coroner testified that the multiple stab wounds on the victim’s arms indicated a defensive posture.
Also, other testimony about the pattern of blood spots showed that the confrontation between Hart and Patrick Hayes started in the victim’s bedroom and proceeded to the front bedroom, where the most serious assaults occurred. This was not in accord with Hart’s taped version of the incident.
We find this assignment of error without merit.
ERRORS PATENT
A thorough examination of the pleadings and the rest of the record discloses no errors patent.
Hart’s conviction and sentence are affirmed.
AFFIRMED.

. State v. Brown, 414 So.2d 726 (La.1982), and State v. Collins, 306 So.2d 662 (La.1975).