BYRNES, Judge.
Defendant, Frank Johnson, was convicted of being a felon in possession of firearms, a violation of R.S. 14:95.1. He filed a pro se supplemental brief stating two assignments of error. We find the second to have merit, and on that basis we reverse his conviction.
Defendant contends that under C.Cr.P. Art. 793 the jury should not have been allowed access to written evidence while they were deliberating. The written evidence in this case included an arrest warrant for the defendant on an armed robbery charge, the arrest register and fingerprint card from the present offense, a certified copy of an earlier indictment charging defendant with murder and his subsequent plea of guilty to manslaughter, and a copy of the arrest register from the murder charge.
Defense counsel objected to the admission of this evidence and also objected to the trial court’s ruling that the jury be allowed to examine it in the jury room. Both objections were overruled.
C.Cr.P. Art. 793 specifically provides: A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict. (Emphasis added.)
Jurors may inspect physical evidence in order to arrive at a verdict, but they cannot inspect written evidence to assess its verbal contents. State v. Perkins, 423 So.2d 1103, 1109 (La.1982). See also State v. Passman, 345 So.2d 874, 885 (La. 1977); State v. McCully, 310 So.2d 833 (La.1975); State v. Freetime, 303 So.2d 487, 489 (La.1974); State v. Arnaudville, 170 La. 151, 127 So. 395 (1930); State v. Harrison, 149 La. 83, 88 So. 696 (1921).
This article has been interpreted to prohibit jury access to transcribed or recorded confessions, State v. Freetime, supra, or inculpatory statements, State v. Perkins, supra. It has also been held to prohibit access to transcriptions of police radio logs. State v. Passman, supra. The rationale of these decisions is a fear that jurors might give undue weight to the contents of the document and thus prejudice the defendant.
In the present case the arrest register from defendant’s earlier murder charge contained the following statement:
Suspect related that he shot the victim with a shotgun from a distance of about fifteen or twenty feet. The victim expired in Charity Hospital and was pronounced dead by Dr. Ingram, Charity Hospital, at 12:40 A.M., May 25, 1973. The victim sustained one fatal shotgun wound of the abdomen.
This statement in essence paraphrases a confession to second degree murder. The prejudice to the defendant in allowing the jury to re-examine such evidence is obvious. Not only was the statement inculpatory, it was part of the narrative section of an arrest register which was not even related to the offense for which the defendant was on trial.
It was clearly error for the trial judge to allow the jury to re-examine this document during its deliberations.
We therefore reverse defendant’s conviction.
REVERSED.