WILLIAM A. CULPEPPER, Judge Pro Tem.
The issue presented by this appeal is whether or not the trial court erred in permitting the jury, during its deliberations, to examine a transcript of the defendant’s taped oral statement in violation of Article 793 of the Louisiana Code of Criminal Procedure.
Defendant, Earl Gongre (hereinafter referred to as defendant), was indicted by a grand jury with one count of malfeasance in office, a violation of LSA-R.S. 14:134.2, and one count of aggravated battery, a violation of LSA-R.S. 14:34, from an incident involving a burglary investigation conducted by defendant, a law enforcement officer, during which investigation the burglar was allegedly shot by defendant. Subsequently, following a trial by jury, defendant was found guilty of the offense of aggravated battery, and a mistrial was de-dared as to the charge of malfeasance in office, the jury being unable to reach a verdict on the latter charge. Defendant’s counsel filed a Motion for Post Verdict Judgment of Acquittal and in the Alternative Motion for New Trial, which were denied after a hearing on the motions. Defendant was thereafter sentenced to serve five years at hard labor for the aggravated battery offense, such sentence suspended with defendant placed on five years unsupervised probation. Defendant now appeals the action of the trial court and the verdict of the jury resulting in defendant’s conviction of aggravated battery, assigning four errors. Finding merit in one of defendant’s assignments of error, we reverse and remand the case to the trial court for a new trial.
FACTS
Defendant, a law enforcement officer in Grant Parish, Louisiana, was indicted by a grand jury for one count of malfeasance in office, in violation of LSA-R.S. 14:134.2, and for one count of aggravated battery, in violation of LSA-R.S. 14:34 in an incident on October 24, 1984, involving defendant’s investigation of a burglary at a grocery store, during which investigation defendant allegedly shot the burglar in attempting to defend himself from an attack by the burglar. After preliminary investigations of the shooting by local law enforcement officials, the matter was turned over to the Louisiana State Police and, on October 29, 1984, the defendant gave a voluntary, taped statement to Louisiana State Trooper David Rushing concerning the shooting incident. During defendant's taped statement defendant stated that the burglar had attacked him with a 2 x 4 board and that he shot at the burglar in order to stop the attack.
During trial on the matter a transcription of defendant’s taped statement was read, introduced and filed into evidence and heard by the jury. Other evidence was introduced by the State during trial in an attempt to prove that the defendant inten *787 tionally shot the burglar without reasonable and apparent necessity for doing so in self defense.
Following closing arguments and the court’s jury instructions, the jury retired to render a verdict. After the jury had retired but before reaching a verdict, the jury requested the court to permit the jury to examine the transcript of defendant’s taped statement. The request was granted by the trial judge and the statement was taken to the jury room. Shortly thereafter the jury returned a verdict of guilty on the charge of aggravated battery and returned no verdict on the charge of malfeasance in office, the jury being unable to reach a verdict on the latter charge. The trial judge then declared a mistrial as to the malfeasance in office charge and announced the court’s acceptance of the jury’s guilty verdict on the aggravated battery charge. At this time defense counsel entered in the record what was apparently an earlier unrecorded objection, made in chambers, concerning the court’s permitting the jury to bring the transcript of defendant’s taped statement into the jury room for examination.
Defendant filed a Motion for Post Verdict Judgment of Acquittal and in the Alternative Motion for New Trial, which motion was heard and denied at a hearing on the motion. On July 22, 1986, defendant was sentenced on the aggravated battery conviction to serve five years at hard labor, suspended with five years unsupervised probation. Defendant now appeals the action of the trial court and the jury’s conviction for aggravated battery.
CONDUCT OF THE JURY
In assignment of error number 2 in defendant’s appellate brief, designated as assignment of error number 4 in defendant’s assignments of error filed with the trial court, the defendant contends that the trial court erred in allowing, over defendant’s objection, the jury to bring the transcription of defendant’s voluntary taped statement into the jury room for physical examination. Although defendant’s recorded objection to the jury’s physical examination of the transcription of defendant’s voluntary statement occurred after the jury announced their verdict, defense counsel, counsel for the prosecution and the trial judge were apparently in the judge’s chambers and not in open court at the time the request was made by one of the jurors to examine defendant’s statement. Defense counsel apparently objected to the jury’s examination of the statement contemporaneously, though not on record, but later stated his objection on the record.
LSA-C.Cr.P. Art. 793 provides:
“A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.” (Emphasis added.)
In State v. Freetime, 303 So.2d 487 (La. 1974), affirmed after remand, 334 So.2d 207 (La.1976), our Supreme Court held that a trial court’s allowance of a jury to have access to a defendant’s written confession, after the jury had retired, for the sole purpose of rereading the confession was reversible error and in violation of the clear legislative mandate of LSA-C.Cr.P. Art. 793. The court states:
“The policy choice thus represented is to require jurors to rely on their own memory as to verbal testimony, without notes and without reference to written evidence, such as to depositions or transcribed testimony. The general reason for the prohibition is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus brought into the room with them.” Id., at pages 488, 489.
Noting that the Louisiana Legislature had determined that documents entered into evidence should only be sent to the jury when a physical examination thereof is required to enable the jury to arrive at a verdict, the court states that the defend *788 ant’s confession did not fall within this exception.
In State v. Passman, 345 So.2d 874 (La. 1977), the court ruled that a trial court properly denied a jury’s request to examine a police radio log, which was properly admitted into evidence, on the basis that the “jury wished to examine the evidence for its verbal contents and not for its physical characteristics.” Id., at page 886.
In light of the clear mandate of LSA-C. Cr.P. Art. 793, as interpreted by prior jurisprudence, it is evident that, although written evidence may be examined by a jury in order for the jury to compare a signature therein or to feel it to determine its actual existence, transcribed verbal testimony is not to be provided a jury for the purpose of examining the verbal contents therein. State v. Perkins, 423 So.2d 1103 (La.1982); State v. Buras, 459 So.2d 756 (La.App. 4 Cir.1984).
In the instant case, it is clear that the jury desired to examine the transcript of defendant’s taped statement in order to examine the verbal contents therein and not for its physical characteristics. Permitting the transcript to be examined in the jury room after the retiring of the jury, under the clear and express prohibition of LSA-C.Cr.P. Art. 793, constituted reversible error. State v. Perkins, supra; State v. Buras, supra.
Finding merit in this assignment of error, we decline to address the remaining three assignments of error.
For the reasons set forth above, the defendant’s conviction and sentence are annulled and set aside, and the case is remanded to the district court for a new trial.
Conviction and sentence annulled and set aside; case remanded.