NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-409

STATE OF LOUISIANA

VERSUS

DONTRELON THOMAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 144,240
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE VACATED.
REMANDED.

**Keith A. Stutes**
**District Attorney**
**Cynthia Simon**
**Assistant District Attorney**
**Fifteenth Judicial District**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
      **State of Louisiana**

**Chad M. Ikerd**
**Public Defender's Office**
**600 Jeffereson Street, Suite 902**
**Lafayette, Louisiana  70502**
**(337) 232-9345**
**Counsel for Defendant/Appellant:**
      **Dontrelon Thomas**

**KEATY, Judge.**

After a jury trial, Defendant, Dontrelon Thomas, was found guilty as charged of armed robbery with a firearm and was later sentenced to ten years at hard labor with credit for time served. He now appeals, alleging that the trial court committed reversible error by replaying part of the audio of the victim's testimony to the jury after the jury retired to deliberate. For the following reasons, we vacate Defendant's conviction and sentence and remand this matter to the trial court for a new trial.

## DISCUSSION

### *Procedural History*

Defendant was arrested October 22, 2013, and subsequently charged by bill of indictment with one count of armed robbery with a firearm, in violation of La.R.S. 14:64 and 14:64.3. Although Defendant was only fifteen years old at the time of the crime, he was charged as an adult. On July 14, 2014, the trial court heard arguments regarding a defense motion in limine and, against defense counsel's objections, agreed to allow the State to introduce evidence that Defendant was wearing an ankle bracelet monitor to prove his location at the time of the crime.[1] Trial began on July 15, 2014, and concluded with the jury finding Defendant guilty as charged.[2] Thereafter, Defendant filed a motion for mistrial, which the trial court denied. On September 22, 2014, the trial court sentenced Defendant to ten years at hard labor with credit for time served.

---

[1] We note that, based upon the time of the 911 call, the victim's testimony that the police were called roughly eight-to-ten minutes after the incident, and the time stamps on the data recovered from the ankle bracelet, the testimony did nothing more than prove that Defendant was in the area roughly thirty minutes after the incident.

[2] It took the jury multiple attempts to deliver a proper jury verdict form.

*Facts*

The victim, M.V.,[3] testified that he was walking down the street when he saw a group of kids, hid his phone, and tried to walk faster. He further testified that one of the members of the group, whom he identified as Defendant, asked him how long he had lived in the area, then pushed him to the ground and hit him repeatedly with a small handgun, demanding that M.V. "give it up." M.V. further stated that, after his phone was taken, he got up and ran home to tell his mother, at which time the police were notified. On cross-examination, M.V. testified that the group he saw included thirteen kids, but that he only recognized two of them: the individual who attacked him and another teen who looked like a kid who rode his school bus. He described his assailant as wearing a multi-colored rainbow shirt and having "big eyes and a short Afro."

During its closing argument, the State placed heavy emphasis on the fact that when Defendant was arrested, he was the only person in the area who matched M.V.'s description and was wearing a rainbow-colored shirt. After the jury retired to deliberate, they requested M.V.'s statement, which the trial court informed them they were not allowed to have. However, over strenuous objection by defense counsel, the trial court played back to the jury the audio of M.V.'s testimony regarding his assailant's clothing. This audio playback is the basis of Defendant's appeal.

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After review, we note several

---

[3] The juvenile victim in this case is identified by his initials pursuant to La.R.S. 46:1844(W).

errors patent. However, because of our decision to vacate Defendant's conviction and sentence and remand for a new trial, those errors are rendered moot.

### *Assignment of Error*

Defendant raises a single assignment of error on appeal, namely that the trial court committed reversible error by replaying part of the audio of the victim's testimony to the jury after the jury retired to deliberate, in violation of La.Code Crim.P. art. 793. The State has failed to provide any contradictory argument.

Louisiana Code of Criminal Procedure Article 793 (emphasis added) states the following:

> A. Except as provided in Paragraph B of this Article, a juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. *Testimony shall not be repeated to the jury*. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.
>
> B. A juror shall be permitted to take notes when agreement to granting such permission has been made between the defendant and the state in open court but not within the presence of the jury. The court shall provide the needed writing implements. Jurors may, but need not, take notes and such notes may be used during the jury's deliberations but shall not be preserved for review on appeal. The trial judge shall ensure the confidentiality of the notes during the course of trial and the jury's deliberation and shall cause the notes to be destroyed immediately upon return of the verdict.
>
> C. The lack of consent by either the defendant or the state to allow a juror to take notes during a trial shall not be communicated to the jury.

The trial court undoubtedly violated La.Code Crim.P. art. 793 when it played an audio recording of the victim's testimony to the jury after the jury had begun its deliberations. The question this court must decide is whether or not that violation represents reversible error.

Defendant correctly cites multiple supreme court cases which have held that a violation of La.Code Crim.P. art. 793 is reversible error, without even a hint of harmless error analysis. *See, e.g., State v. Adams*, 550 So.2d 595 (La.1989); *State v. McCully*, 310 So.2d 833 (La.1975). Indeed, in *McCully*, the supreme court noted that a violation of La.Code Crim.P. art. 793 was a substantial violation of a statutory right, which "cannot under Article 921 of the Code of Criminal Procedure be regarded as harmless[,]" and that "[t]o characterize as harmless this express and prejudicial violation of a statutory right is to ignore the legislative mandate and, in effect, to repeal the legislative prohibition." *McCully*, 310 So.2d at 835.

Additionally, this court has previously recognized the policy basis of La.Code Crim.P. art. 793, as follows: "Our Louisiana Supreme Court has made it abundantly clear that allowing a jury to review evidence or testimony such as audiotapes or transcripts during deliberations is reversible error because of the possibility that jurors might give undue weight to that limited portion of the oral testimony adduced at trial." *State v. Savoy*, 05-92, p. 8 (La.App. 3 Cir. 11/2/05), 916 So.2d 339, 344 (quoting *State v. Broussard*, 598 So.2d 1302, 1303 (La.App. 3 Cir. 1992) (abrogated on other grounds)).

Despite jurisprudence indicating that a violation of La.Code Crim.P. art. 793 is reversible error, this court in *State v. R.W.W.*, 08-829 (La.App. 3 Cir. 11/12/08), 999 So.2d 33, found that the release of transcripts of victims' statements after jury deliberation had begun was harmless error.[4] However, *R.W.W.* is distinguishable from this case. In *R.W.W.*, the transcripts were distributed to less than all the

---

[4] The fourth circuit has a line of cases, some cited by this court in *R.W.W.*, which subject violations of La.Code Crim.P. art. 793 to a harmless error analysis. *See State v. Johnson*, 97-1519 (La.App. 4 Cir. 1/27/99), 726 So.2d 1126, *writ denied,* 99-646 (La. 8/25/99), 747 So.2d 56; *State v. Baham*, 13-58 (La.App. 4 Cir. 10/1/14), 151 So.3d 698, *writ denied*, 14-2176 (La. 9/18/15), ___ So.3d ___.

members of the jury, and those who did receive a copy did not have time to read the transcripts, as they were quickly removed from the jury's possession. This court affirmed the conviction on the grounds that "the transcripts were not released long enough for a juror to have read it and/or given it undue weight when reaching the verdict. Accordingly, the distribution of the documents and any resulting error was harmless." *Id.* at 40.

Unlike *R.W.W.*, where it was unclear if the jury even had an opportunity to examine the evidence, the instant case more closely tracks the facts of *McCully*, where the trial court likewise replayed the testimony of the State's primary witness to the jury after deliberations had begun. *McCully,* 310 So.2d 833. As in *McCully*, the trial court allowed partial testimony of the State's chief witness to be replayed to the jury after deliberations began, over Defendant's objections, and in clear violation of La.Code Crim.P. art. 793. We conclude that such action constitutes reversible error necessitating that Defendant be granted a new trial.

## DECREE

The trial court's clear violation of La.Code Crim.P. art. 793 in light of supreme court jurisprudence constitutes reversible error. Accordingly, Defendant's conviction and sentence are vacated, and this matter is remanded to the trial court for a new trial.

**CONVICTION AND SENTENCE VACATED. REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

5